UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **RICHARD WALKER** | **CIVIL ACTION NO. 3:14-cv-3479** |
|     **LA. DOC #322288** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **SHERIFF STEVE MAYS, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Pro se plaintiff Richard Walker, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 18, 2014. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the Caldwell Correctional Center (CCC), Grayson, Louisiana. Plaintiff claims that he was wrongfully terminated from his prison job and trusty status and thereafter placed in Lock Down Dorm D where other inmates have reputedly been stabbed. This matter was referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

*Background*

On some unspecified date, plaintiff, a DOC inmate confined at CCC was employed as a trusty in the prison. According to plaintiff, a fellow trusty named "Michal" told Deputy Donnie, the trustys' supervisor, that plaintiff stole some item from the prison store. Deputy Donnie, in turn, told his boss, Kennedy or Kenny that plaintiff stole something from the store. Plaintiff asked Sheriff Mays to view the surveillance videos at the store because they would exonerate him. Mays declined and plaintiff was fired from his prison job, lost his trusty status, and was

moved to Lock Down in Dorm D, where inmate stabbings have occurred.

Plaintiff asked that Sheriff Mays be removed from office; that Deputy Donnie be fired and that Boss Kennedy be suspended for the rest of the year. Plaintiff also asked for a transfer because he fears for his safety.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Prison Job and Trusty Status*

Plaintiff implies that the allegedly wrongful denial of trusty status and the loss of his

prison job have deprived him of some right granted to him under the Constitution or laws of the United States. Read broadly and liberally, the complaint suggests that plaintiff was deprived of these opportunities in violation of the Due Process guarantees of the Fourteenth Amendment.

In order to establish a Due Process violation, plaintiff must first identify a constitutionally recognized "liberty interest" in connection with his trusty classification. This he cannot do.  *See Sandin v. Connor*, 515 U.S. 472, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995) (A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."); *Meachum v. Fano*, 427 U.S. 215, 228 (1976);  *Jackson v. Cain*, 864 F.2d 1235, 1247 (5th Cir.1989) ("[A] prisoner has no constitutional right to a specific work assignment.").  Plaintiff has no Constitutionally recognized right to either trusty status or to a particular job within the prison. His claims to the contrary are clearly frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 327-328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Examples of [frivolous claims] are ... claims of infringement of a legal interest which clearly does not exist, like [respondent's] claim that his transfer within the reformatory violated his rights under the Due Process clause.").

*3. Transfer*

Further, plaintiff implies that he is entitled to be housed in a more salubrious environment either within the prison or in some other facility.  Under Louisiana law, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Louisiana Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The director of corrections shall

<u>assign each newly committed inmate to an appropriate penal or correctional facility. The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department</u>..." See La. R.S.15:824(A).

Plaintiff is an LDOC inmate and the choice of which prison he is assigned to is solely within the purview of the LDOC. Broad discretionary authority must be afforded to prison administrators because the administration of a prison is "at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974) To hold that any substantial deprivation imposed by prison authorities triggers the procedural protections of the Due Process Clause would subject to judicial review a wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976). "Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285, 68 S.Ct. 1049, 1060, 92 L.Ed. 1356 (1948).

Prisoners simply do not have a constitutionally derived liberty interest in being held in any particular institution; nor do they have a constitutionally protected right to be housed in any particular part of the prison to which they have been lawfully assigned. *See Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Adams v. Gunnell*, 729 F.2d 362, 368 (5th Cir. 1984); *Oladipupo v. Austin,* 104 F.Supp.2d 643 (W.D.La. 2000). Plaintiff's allegation to the contrary fails to state a

4

claim for which relief may be granted.

*Recommendation*

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaints be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted, all in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, January 29, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE